UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONI ANDERSON,

        Plaintiff,

  v.                                       Case No. 08-C-837

UNIVERSITY OF WISCONSIN – GREEN BAY,

        Defendant.

**ORDER**

Plaintiff Anderson has filed a *pro se* action and seeks to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay the $350 filing fee.

Section 1915 also requires courts to "screen" complaints to ensure that indigent plaintiffs do not abuse the ability to bring cases without paying a filing fee. Plaintiff alleges she was offered

admission into a graduate program at the University of Wisconsin – Green Bay, but when a UWGB official learned she was a Native American her acceptance was revoked. The complaint seeks injunctive relief, including review of the UWGB admissions programs and an order requiring the university to admit Anderson.

Plaintiff has not cited any federal statutes or constitutional provisions in her complaint, but her allegations plausibly state a claim under Title VI of the Civil Rights Act, which prohibits discrimination by entities that receive federal funding: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Although it is not alleged, the university doubtless receives federal funding. Moreover, Title VI claims may be brought against state entities like UWGB, as the statute explicitly abrogates states' sovereign immunity. *See* 42 U.S.C.2000d-7 ("A State shall not be immune under the Eleventh Amendment . . . from suit in Federal court for a violation of . . . Title VI of the Civil Rights Act of 1964").[1] Accordingly, I construe the complaint as stating a claim under Title VI.

---

[1] Plaintiff also states a plausible claim under the Equal Protection Clause of the Fourteenth Amendment. But there is no direct cause of action under that provision, and the typical statutory basis for proceeding under that clause is 42 U.S.C. § 1983. *Young v. State of Ill.,* 1997 WL 173930, *1, 111 F.3d 134 (7th Cir. 1997) ("there is no direct cause of action under the Fourteenth Amendment; litigants must proceed under § 1983.") Section 1983, however, does not allow suits against entities like state universities – it only allows suits against state actors in their individual capacities. *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007) ("State agencies are not 'persons' under § 1983). Plaintiff has not sued any "persons" under § 1983, and so I construe the complaint as proceeding under Title VI of the Civil Rights Act rather than any constitutional provisions. It is doubtful that the distinction is meaningful, but amendment of the complaint would likely be allowed if proceeding under § 1983 would make a difference.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services, 65 Fed. Reg. 47,859, at 47,862 (Aug. 4, 2000) (to be codified at 28 C.F.R. §§ 0.114(a)(2), (a)(3)). Although Congress requires the court to order service by the U.S. Marshals Service, the U.S. Marshals Service fees are not considered court fees, and Congress has not made any provision for these fees to be waived by the court.

Plaintiff must provide defendant or its counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated this   8th   day of October, 2008.

>s/ William C. Griesbach
>William C. Griesbach
>United States District Judge